IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONOCOPHILLIPS COMPANY and CONOCOPHILLIPS SPECIALTY PRODUCTS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ENERGY & ENVIRONMENTAL INTERNATIONAL, L.C., GERALD EATON, ALAN EBERT, M-POWER CHEMICALS, L.C., BETA TECHNOLOGIE AG, ZENITH ENERGY INTERNATIONAL CORP., LTD., ZENITH POWER CORP., LTD., AND LALITA ADSAVAVICHAIROT,<br><br>Defendants. | § § § § § § § § § § § § § § § § §   Civil Action No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT

Plaintiffs ConocoPhillips Company and ConocoPhillips Specialty Products, Inc. (collectively, "ConocoPhillips") file this Original Complaint against Defendants Energy & Environmental International, L.C., Gerald Eaton, Alan Ebert, M-Power Chemicals, L.C., Zenith Energy International Corp., Ltd., Zenith Power Corp., Ltd., Beta Technologie AG, and Lalita Adsavavichairot. ConocoPhillips would respectfully show the Court, on personal knowledge as to itself and its actions and upon information and belief as to others, as follows:

### PARTIES

1. Plaintiff ConocoPhillips Company is a corporation organized and existing under the laws of Delaware with its principal place of business in Houston, Texas.

2. Plaintiff ConocoPhillips Specialty Products, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Houston, Texas.

3. Defendant Energy & Environmental International, L.C. ("EEI") is a limited liability company organized and existing under the laws of Texas with its principal place of business at 30025 FM 529, Brookshire, Texas 77423.

4. Defendant Gerald Eaton is an individual residing at 16222 DeLozier St., Houston, Texas 77040.

5. Defendant Alan Ebert is an individual residing at 7723 Granite Ridge, Houston, Texas 77095.

6. Defendant M-Power Chemicals, L.C. ("M-Power") is a limited liability company organized and existing under the laws of Texas with its principal place of business at 30653 FM 529, Brookshire, Texas 77423.

7. Defendant Zenith Energy International Corp., Ltd. is a corporation organized and existing under the laws of Thailand with its principal place of business at 26 Soi Ruamrudee Ploehchit Road, Lumpini, Patumwan, Bangkok, Thailand 10330.

8. Defendant Zenith Power Corp., Ltd. is a corporation organized and existing under the laws of Thailand with its principal place of business at 26 Soi Ruamrudee Ploehchit Road, Lumpini, Patumwan, Bangkok, Thailand 10330. Zenith Energy International Corp., Ltd. And Zenith Power Corp., Ltd. may be referred to collectively as "Zenith."

9. Defendant Beta Technologie AG ("Beta") is a corporation organized and existing under the laws of Switzerland with its principal place of business at Wasag Building, Bolligenstrasse 18, Postfach CH 3000 Bern, Switzerland.

10. Defendant Lalita Adsavavichairot is an individual residing at 52 Moo 6, Tambonpao, Amphor, Maewang Chiang Mai, Thailand.

## JURISDICTION AND VENUE

11. This action arises under the United States Patent Laws, codified at 35 U.S.C. § 1, et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and other statutes, and is based upon an actual controversy between ConocoPhillips and Defendants regarding the ownership, validity, enforceability and infringement of certain United States patents, and other activities by Defendants that have caused damages to ConocoPhillips. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as pendent jurisdiction.

12. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants reside in this district, and/or have transacted business in this District. Furthermore, upon information and belief, Defendants' contacts with the State of Texas are such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

13. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## FACTUAL BACKGROUND

14. ConocoPhillips is a judgment creditor of Defendant EEI, by virtue of a successful patent infringement lawsuit tried in the United States District Court for the Southern District of Texas, the Honorable John Rainey presiding, and subsequently affirmed on appeal. *See* Civil Action No. H-01-4242, Final Judgment, Dkt No. 303, and Mandate from the Court of Appeals for the Federal Circuit, Dkt Nos. 366, 368; *Conoco, Inc. v. Energy & Environmental Intern., L.C.*, 460 F.3d 1349 (Fed. Cir. 2006). EEI was adjudged liable for infringement of two important patents belonging to ConocoPhillips involving drag reducing agents ("DRAs"). DRAs

3

are injected into pipelines transporting oil, gas, and related hydrocarbon fuels in order to reduce friction and, as a result, decrease turbulence and increase flow. By increasing the flow of liquids, DRAs allow (1) more liquid to be pumped through the pipeline in a given time period or (2) the same amount of liquid to be pumped through the pipeline using less energy for pumping, thereby reducing costs of hydrocarbon transportation.

15. During the pendency of the appeal of Civil Action No. H-01-4242, the District Court elected not to require EEI to post a bond for the entire amount of the judgment (approximately nine million dollars with interest) in order to supersede the judgment, and instead allowed EEI to avoid immediate execution by pledging what EEI represented was its entire inventory of unencumbered assets. ConocoPhillips was granted a security interest in all the disclosed assets. EEI lost the appeal and its subsequent motion to stay the mandate. Since then, ConocoPhillips has collected cash and assets worth only a small fraction of the judgment, and the amount currently owing to ConocoPhillips remains well over nine million dollars. It has become apparent that EEI cannot satisfy the judgment, at least from the assets it saw fit to disclose to the District Court in Civil Action No. H-01-4242.

16. ConocoPhillips has become aware of facts that indicate a conspiracy among two or more Defendants not only (1) to transfer assets out of EEI for their own benefit, thus frustrating ConocoPhillips' ability to collect on its judgment against EEI, but also (2) to try to extract money from ConocoPhillips by wrongly asserting that it has infringed patents that are invalid and unenforceable and that, in any event, should have been disclosed to the District Court in Civil Action No. H-01-4242 along with EEI's other property so that any interest in the patents could have been used to satisfy ConocoPhillips' substantial judgment against EEI.

ConocoPhillips seeks a declaratory judgment as well as damages and other equitable relief against Defendants for their improper conduct.

17. In late June 2007, ConocoPhillips received a letter from an attorney representing Defendant M-Power with a subject line reading "License Agreement and Possible Infringement." M-Power's letter asserted that M-Power is the exclusive licensee of U.S. Patent Nos. 6,730,750, 6,989,357, and 7,012,046, as well as "several additional United States and foreign patents and patent applications on proprietary systems and processes associated with drag reducing agents." A copy of the letter is attached as Exhibit A. Copies of the three named United States patents are attached as Exhibits B, C and D. The other purported intellectual property was not identified. The letter also asserted that ConocoPhillips should provide information to M-Power as to ConocoPhillips' DRA processes and products and referred to "our concern with respect to any potential dispute that may arise in the future."

18. The three named patents were prosecuted by EEI as owner/assignee. A very brief review of the official prosecution histories of the three named patents shows that, in the years 2004 and 2005, including dates after the District Court's judgment against EEI in Civil Action No. H-01-4242, EEI affirmatively represented to the United States Patent and Trademark Office that EEI was the assignee of the applications that matured into these three patents. However, in 2006, very shortly after the Court of Appeals for the Federal Circuit affirmed the judgment in Civil Action No. H-01-4242 in favor of ConocoPhillips and against EEI, the same representative for EEI advised the Patent and Trademark Office that the claimed inventions had actually been assigned by EEI to Defendant Lalita Adsavavichairot over three years earlier, in 2003. Ultimately, the same correspondent advised the Patent and Trademark Office of assignments from Defendant Adsavavichairot to Defendant Zenith, and from Zenith to Defendant Beta. Thus

the official Patent and Trademark Office files of all three patents show inconsistent statements regarding the ownership of these patents; these statements cannot be reconciled. Presumably Defendant M-Power's claim of an exclusive license is based upon a purported license from one or more of these latter Defendants.

19.  A brief description of the relationships between and among the Defendants helps to explain how this has come to pass. M-Power, which now claims to be the exclusive licensee of these patents, is simply the new EEI with a different name. Although EEI still exists, Defendants Eaton and Ebert, shareholder-principals of EEI, are essentially operating EEI under the new name, "M-Power Chemicals, L.C." Eaton, Ebert, and M-Power sell EEI product formulations under the same trade names the products had at EEI. Eaton, Ebert, and M-Power have transitioned former EEI customers to M-Power, and are even piggybacking off the EPA product approvals that EEI obtained for the products now sold under M-Power's name. The EEI expatriates took EEI trade secrets and know-how and gave them to M-Power at no cost to M-Power, leaving EEI as an empty shell with no business, and leaving ConocoPhillips with an uncollected judgment.

20.  In August 2006, the Court of Appeals for the Federal Circuit affirmed the judgment of this Court in Civil Action H-01-4242 in all respects, leaving intact a judgment worth over $9 million. Shortly thereafter, rather than attempt to pay off the judgment from the handsome cash flow it had enjoyed all along (including throughout the appellate process), EEI simply ceased to function.

21.  At approximately the same time that EEI was being scuttled by its owners, a new DRA vendor appeared on the scene. M-Power's website lists only three individuals, a General Manager named Pascal Estienne, the Business Development Manager Gerald Eaton, and the

6

Brookshire Site Manager Alan Ebert. There are no other officers listed, and M-Power's address is literally just down the street from EEI in Brookshire. *See* www.mpowerchemicals.com. In addition to Defendants Eaton and Ebert, several other former EEI employees are now or have been employed at M-Power since EEI ceased to function.

22. M-Power and its principals have actively attempted to defraud ConocoPhillips by diverting to M-Power sums that are actually debts owed to EEI. Ms. Kim Shelton owns a transport business called Unique Pipeline Solutions, Inc. ("UPSI"). She operated the business from her home. UPSI transported products to and from EEI, and then later to M-Power. Mr. Al Shelton, her husband, is a former EEI employee. In Summer 2006, when EEI was still operating, Gerald Eaton told Mr. and Mrs. Shelton that EEI needed more transport capacity. Eaton arranged a wire transfer of $30,000 from EEI to UPSI to help it buy a second truck. The money came from EEI. In addition, UPSI was allowed to make certain credit charges on an EEI credit card for over $6,000. Defendant Eaton, however, had the Sheltons sign a promissory note on UPSI's behalf for the entire balance of $36,440.33, payable to M-Power, not EEI. The Sheltons have since sold the truck and have the proceeds. Defendants Eaton, Ebert and M-Power have demanded that they pay M-Power, not EEI, and have threatened to sue the Sheltons if payment is not made to M-Power.

23. In addition, when EEI was imploring the District Court to allow it to post a reduced bond based on its purported assets, Defendant Eaton told Al Shelton to "hide" two skid units belonging to EEI so this property would not appear on the inventory EEI provided. The value of these skids is perhaps $25,000 each, but as Eaton said to the Sheltons, "if they're not on the list, Conoco can't find them." ConocoPhillips has no way of knowing what other EEI assets EEI's principals hid from the Court and ConocoPhillips.

24. In addition to stripping EEI of its funds and physical assets, Defendants M-Power, Eaton, Ebert, and possibly others also appear to be engaged in a scheme to strip EEI of its intellectual property and to use that intellectual property as a basis to assert groundless infringement claims against ConocoPhillips and prevent ConocoPhillips from satisfying its multi-million-dollar judgment against EEI.

## CAUSES OF ACTION

### COUNT I
### (Request for Declaratory Judgment)

25. ConocoPhillips incorporates Paragraphs 1 through 24 by reference as though set forth fully herein.

26. Pursuant to 28 U.S.C. § 2201 and 2202, an actual controversy exists between the parties, and ConocoPhillips requests a declaration of the rights and legal relations of the parties as follows:

27. ConocoPhillips respectfully requests that the Court enter a declaratory judgment: (1) that ConocoPhillips has not infringed, directly, contributorily or by inducement, any valid or enforceable claims of the '750, '357, or '046 Patents, literally or by equivalents; (2) concerning the invalidity of the '750, '357, and '046 Patents under 35 U.S.C. §§101, 102, 103, and 112; (3) concerning the unenforceability of the '357 and '046 Patents; and (4) that ConocoPhillips is not liable to any Defendant in connection with any purported intellectual property of such Defendant.

### COUNT II
### (Fraudulent Transfers under TEX. BUS. & COMM. CODE § 24.001 *et seq.*)

28. ConocoPhillips incorporates Paragraphs 1 through 27 by reference as though set forth fully herein.

8

29. EEI fraudulently transferred revenues, assets, and property to other affiliated entities and individuals, including fraudulent transfers to M-Power, Eaton, Ebert, Zenith, Beta, and/or Adsavavichairot, with the intent to hinder, delay or defraud ConocoPhillips in the collection of its judgment, in violation of TEXAS BUSINESS & COMMERCE CODE § 24.005. These fraudulent transfers caused ConocoPhillips to suffer damages, for which it now sues.

## COUNT III
### (Fraud)

30. ConocoPhillips incorporates Paragraphs 1 through 29 by reference as though set forth fully herein.

31. Defendants have committed fraud against ConocoPhillips to try to prevent it from collecting on the judgment against EEI.

32. Defendants' fraud caused ConocoPhillips to suffer damages, for which it now sues.

## COUNT IV
### (Constructive Trust)

33. ConocoPhillips incorporates Paragraphs 1 through 32 by reference as though set forth fully herein.

34. EEI, M-Power, Eaton, Ebert, Zenith, Beta, and/or Adsavavichairot, through fraud and other wrongful and tortious acts described above, retained or obtained property and funds of EEI that otherwise would have been available to satisfy ConocoPhillips' judgment against EEI.

35. A constructive trust should be imposed on all such properties and funds, including any properties concealed from ConocoPhillips, and any property that M-Power, Eaton, Ebert, Zenith, Beta, and/or Adsavavichairot have obtained from EEI since ConocoPhillips first gave notice to EEI of the potential litigation in Civil Action H-01-4242, or at least since the entry of

judgment in that action, including but not limited to (1) any revenues or payments received by M-Power from present or former customers of EEI; (2) any right, title, or interest in the '750, '046, and '357 Patents or any other intellectual property developed at EEI or by employees of EEI; (3) any revenues or payments made by or to any Defendant based in whole or in part upon any Defendant's purported rights under the '750, '046, and '357 Patents or any other intellectual property developed at EEI or by employees of EEI; and/or (4) any revenue or profits derived from any of the foregoing or from any products previously made or sold by EEI.

## COUNT V
### (Civil Conspiracy)

36. ConocoPhillips incorporates Paragraphs 1 through 35 by reference as though set forth fully herein.

37. EEI, M-Power, Eaton, Ebert, the Zenith, Beta, and/or Adsavavichairot participated in a civil conspiracy, whereby they joined together by a meeting of the minds among them to pursue, by one or more unlawful and overt acts, a common objective or course of action, including commission of the wrongful acts detailed above.

38. Each Defendant named in this Complaint conspired with every other Defendant named in this Complaint to achieve the overall goals of the scheme to benefit themselves and damage ConocoPhillips by the wrongful acts detailed above.

39. The wrongful acts committed as a result of the conspiracy have harmed and continue to harm ConocoPhillips.

40. Because Defendants acted with malicious intent and/or reckless disregard of the probable damage to ConocoPhillips, ConocoPhillips is entitled to recover from Defendants exemplary damages in an amount to be established at trial.

41. EEI, M-Power, Eaton, Ebert, Zenith, Beta, and Adsavavichairot are liable, jointly and severally, to ConocoPhillips for all damages, including for exemplary damages in an amount to be established at trial.

## COUNT VI
### (Alter Ego/Piercing Corporate Veil/Single Business Enterprise)

42. ConocoPhillips incorporates Paragraphs 1 through 41 by reference as though set forth fully herein.

43. EEI, M-Power, Zenith, and Beta are alter egos of Eaton and/or Ebert, and there exists and at all relevant times has existed, a unity of interest and ownership between Eaton and/or Ebert and each of these entities such that any separateness between them has ceased to exist, in that Eaton and/or Ebert dominate, manage, and operate these entities in a manner calculated to defraud creditors, including ConocoPhillips. The corporate form (including any other limitations on individual liability ordinarily afforded the owners of the types of business entities at issue here) should be disregarded because (1) the form was used as a sham to perpetuate an actual fraud for the direct benefit of Eaton and/or Ebert; (2) the business entities were organized and operated as a mere tool or business conduit of Eaton and/or Ebert; (3) the form was used to evade existing legal obligations; and (4) Eaton and/or Ebert operated the entities as a single business enterprise. Adherence to the fiction of the existence of the above referenced corporations and other limited liability entities separate and distinct from Eaton and/or Ebert would (1) permit an abuse of corporate privileges and other limitations of liability, (2) sanction a fraud, and (3) promote injustice. Accordingly, the Court should hold that Eaton and/or Ebert are individually and jointly and severally liable for any and all damages to

ConocoPhillips caused by EEI, M-Power, Zenith, and Beta, including but not limited to the full unsatisfied amount of ConocoPhillips' judgment against EEI.

44. M-Power, Zenith, and Beta are alter egos of EEI, and there exists and at all relevant times has existed, a unity of interest and ownership between these entities such that any separateness between them has ceased to exist, in that they are dominated, managed, and operated in a manner calculated to defraud creditors, including ConocoPhillips. The corporate form (including any other limitations on individual liability ordinarily afforded the owners of the types of business entities at issue here) should be disregarded because (1) the form was used as a sham to perpetuate an actual fraud for the direct benefit of EEI; (2) the business entities were organized and operated as a mere tool or business conduit of EEI; (3) the form was used to evade existing legal obligations; and (4) the entities have operated as a single business enterprise. Adherence to the fiction of the existence of the above referenced corporations and other limited liability entities separate and distinct from EEI would (1) permit an abuse of corporate privileges and other limitations of liability, (2) sanction a fraud, and (3) promote injustice. Accordingly, the Court should hold that EEI, M-Power, Zenith, and Beta are jointly and severally liable for any and all damages to ConocoPhillips caused by EEI, including but not limited to the full unsatisfied amount of ConocoPhillips' judgment against EEI.

### COUNT VII
### (Attorney's Fees and Expenses)

45. ConocoPhillips incorporates Paragraphs 1 through 44 by reference as though set forth fully herein.

46. ConocoPhillips has incurred and continues to incur attorneys' fees and expenses pursuing recovery for the losses it has suffered as a result of the foregoing counts. Accordingly,

12

ConocoPhillips seeks to recovery all attorneys' fees and expenses to which it may show itself lawfully entitled.

**PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiffs ConocoPhillips and ConocoPhillips Specialty Products, Inc. respectfully request the following:

a.  Enter a declaratory judgment (1) that ConocoPhillips has not infringed, directly, contributorily or by inducement, any valid or enforceable claims of the '750, '357, or '046 Patents, literally or by equivalents; (2) concerning the invalidity of the '750, '357, and '046 Patents under 35 U.S.C. §§ 101, 102, 103, and 112; (3) concerning the unenforceability of the '357 and '046 Patents; and (4) that ConocoPhillips is not liable to any Defendant in connection with any purported intellectual property of such Defendant;

b.  an award to Plaintiffs of actual, consequential, and incidental damages against Defendants, jointly and severally, on all Plaintiffs' claims, including all actual damages;

c.  a constructive trust imposed for the benefit of Plaintiffs on all assets and any revenues of EEI and M-Power, as well as assets and any revenues to other Defendants related to the '750, '357 and '046 Patents and any other intellectual property developed at EEI or by employees of EEI;

d.  that the Court declare this case exceptional under 35 U.S.C. §285;

e.  an award of reasonable and necessary attorneys' fees, expenses and costs of Court;

f.  an award to Plaintiffs of exemplary damages as allowed by law;

g.  a grant of such other and further relief to which Plaintiffs are entitled at law or in equity.

Respectfully submitted,

*[signature]*

Lee L. Kaplan
State Bar No. 11094400
Federal ID No. 1840
Attorney-in-Charge
Justin M. Waggoner
State Bar No. 24003122
Federal ID No. 23098
Jason Luong
State Bar No. 24026996
Federal ID No. 29858
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana
Suite 2300
Houston, TX 77002
Telephone: (713) 221-2323
Facsimile: (713) 221-2320

Russell T. Wong
State Bar No. 21884235
Federal ID No. 6254
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI L.L.P.
20333 SH 249
Suite 600
Houston, Texas 77070
Telephone: (832) 446-2420
Facsimile: (832) 446-2424

Attorneys for Plaintiffs
ConocoPhillips Company and ConocoPhillips Specialty Products, Inc.